HUSTON, C. J.
Action to foreclose mortgage on real estate. The facts, as near as we can make them out from the record, which is very incomplete and unsatisfactory, are, in substance, as follows: On the fifteenth day of December, 1886, one Archibald D. Thompson made and executed to one John *562 E. Byrne a mortgage, to secure the payment of the sum of $3,000 and interest, upon certain real estate situated in Mountain Home, (then) Alturas county, Idaho territory. Afterward, on the 34th of August, 1887, said Archibald D. Thompson made and executed to the plaintiffs, as Ferdinand Westheimer & Sons, another mortgage upon the same premises, for the sum of $330 and interest, to foreclose which last-named mortgage this action is brought. On the 13th of March, 1889, John E. Bjmne, the mortgagee in the first-named mortgage, for a valuable consideration, to wit, the sum of $3,000, assigned said first-mentioned mortgage to the defendant Norah Linehan; and on the 30th of March, 1889, said Archibald D. Thompson executed and delivered to said defendant, Norah Linehan, a warranty deed of the same premises, covered by the two mortgages aforesaid. At same time said Norah Linehan made the following indorsement upon the assignment of said mortgage from J. E. Byrne to said Norah Linehan: “Have received the within money to satisfy the mortgage that this refers to by deed from A. D. Thompson” — and also at the same time made the following writing across the promissory note accompanying said mortgage, and to secure the payment of which said mortgage was given, to wit: “Received payment in full. [Signed] Norah Linehan.” On the- day of June, 1887, one C. A. Morrill recovered a judgment in the probate court for Alturas county against said Archibald D. Thompson, upon which the property described in the deed and mortgages aforesaid was subsequently sold. That on February 31, 1889, said Morrill, having become -the purchaser under the sale upon said judgment in his favor and against said Thompson, and having received the sheriff’s deed of said property under said sale, conveyed the same by deed to said defendant, Norah Linehan. That said real estate was on February 4, 1889, sold for the taxes of 1888, and on March 19, 1891, said Norah Linehan having become by assignment the owner and holder of the certificate on such tax sale, the assessor and tax collector of said Alturas county' executed to her, said Norah Linehan, a deed of said premises. Although all of the above-mentioned instruments are referred to in the “stipulation of facts,” only the two mortgages and accompanying notes, and the assignment from Byrne to Norah Linehan, appear in the record. It seems the case *563 was heard in the district court upon what is denominated in the transcript as an “agreed stipulation of facts,” and the same is incorporated into the bill of exceptions, as settled and allowed by the district judge. Judgment was rendered in the district court in favor of plaintiffs. Defendants Patrick Linehan and Norah Linehan appeal from said judgment. The ease was heard by the court without a jury, in the court below, and is submitted here upon briefs.
Respondents contend that appellants have no standing in this court, because their notice of appeal, as the same appears in the transcript, “is not directed to the clerk of the court below.” We know of nothing in our code requiring such a direction. Section 4808 of the Revised Statutes of Idaho, cited by respondents, is as follows: “An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney.” The notice of appeal, as it appears in the record, is in strict compliance with provisions of said section. .The record shows that the notice of appeal was duly filed with the clerk, and served upon the attorney of the adverse party. The proposition that the appeal must fail because the notice of appeal does not appear to have been “directed” to the clerk of the court below is decidedly attenuated.
Respondents further contend that “this being an appeal from the judgment, and no part of the evidence being before the court to explain any objection or exception taken at the trial,” this court can only look to the complaint to see if the allegations are sufficient to sustain the judgment. The transcript contains what is denominated therein an “agreed stipulation of facts,” “which shall be used upon the trial and hearing of this case as the evidence therein,” and this stipulation is embodied in, and made a part of, appellants’ bill of exceptions; and the following is the closing paragraph of said stipulation: “We agree that the above is all the evidence in this case, except that of Norah Linehan, this day taken” — and is signed by both the attorneys for the plaintiffs and defendants. It is *564 in the bill of exceptions, and constitutes a part of the judgment-roll, and is therefore before this court.
The answer of defendants to the amended complaint of plaintiffs admits all the material averments therein, and then proceeds to set forth the matters of defense relied upon, to wit: The execution of the mortgage by Thompson to Byrne; the assignment of same to defendant, Norah Linehan, on March 13, 1889; the execution of the deed of the premises covered by the said mortgage, by Thompson to Norah Linehan, on March 30, 1889; the deed from Morrill to Norah Linehan, of same premises, on February 21, 1889; and the deed from the assessor and tax collector of Alturas county to said Norah Linehan, of the same premises, on the ninth day of March, 1891. All of these conveyances were admitted in evidence and considered by the court, upon the hearing of the case, as appears by the “agreed stipulation of facts” above referred to, and the bill of exceptions. TJpon the trial the appellants offered to prove that the writing upon the assignment of the mortgage given by Byrne to Norah Linehan, to wit: “Have received the within money to satisfy the mortgage that this refers to by deed from A. D. Thompson. [Signed] Norah Linehan” — as well as the writing on the face of the note accompanying said mortgage, to wit: “Beceived payment in full. [Signed] Norah Linehan” —were so made by said Norah Linehan for the sole and only purpose of releasing the said A. D. Thompson from any personal liability on said note or mortgage, and not for the purpose of canceling the said note or mortgage, or merging the same in the title to said property acquired by her under the deed from Thompson. This evidence was excluded by the court, on objection of plaintiff, upon the ground “that the writing could not be set aside or varied by parol, and that by said writings said note and mortgage were 'paid,, and ceased to exist, .as against everybody.” It was held in some of the earlier cases “that one purchasing an equity of redemption cannot set up a prior mortgage of his own, nor, consequently, a prior mortgage which he has purchased, against subsequent encumbrancers, of which he had notice, or, in other words, that the mortgage would, in equity, alwa3rs merge. This dictum has been repeatedly disapproved by the ablest judges, and must be *565 regarded as completely overthrown by modern decisions.” (2 Pomeroy’s Equity Jurisprudence, see. 790, note 3.) So at section 791 of said volume the learned author quotes the following language from Sir William Grant: “The question is upon the intention, actual or presumed, of the person in whom the interests are united”; and again, in the same section, quoting the language of Sir George Jessel: “In a court of equity, it has always been held that the mere fact of a charge having been paid off does not decide the question whether, it is extinguished. If a charge is paid off by a tenant for life, without any expression of his intention, it is well established that he retains the benefit of it against the inheritance, although he has not declared his intention of keeping it alive, because it is manifestly for his benefit. On the other hand, when the owner of an estate in fee pays off or becomes entitled to a charge, the presumption is the other way. But he can, by expressly declaring his intention, either keep it alive or destroy it. If there is no reason for keeping it alive, then equity will, in the absence of any declaration of his intention, destroy it; but if there is any reason for beeping it alive, such as the existence of another encumbrance, equity will not destroy it.” (The italics are in the text.) “In short,” pursues the learned author, “where the legal ownership of the land, and the absolute ownership of the encumbrance, become vested in the same person, the intention governs the merger in equity. To this rule there is, however, one exception, which is the case w'here the owner of land, who is primarily bound to pay the debt secured, pays off, or takes an assignment of, the mortgage.” (2 Pomeroy’s Equity Jurisprudence, see. 791, note 1.) And this rule applies to a grantee of the mortgagor, who takes a conveyance of the land subject to the mortgage, and expressly assumes to pay it, as a part of the consideration.
There is nothing in this record which warrants us in assuming that the defendant, Norah Linehan, either took the conveyance of the property in question from Thompson subject to the mortgage of plaintiffs or ever assumed or agreed to pay the same, as a part of the, consideration for said deed, or otherwise. In the absence of any such agreement or assumption of liability on her part, we do not see upon what principle *566 she should he made liable by the giving of precedence over her mortgage to that of the plaintiffs. When plaintiffs took their mortgage, they took it with notice of the prior mortgage from Thompson to Byrne, and subject to the lien created thereby. Are they to be placed in any better position because the owner of such prior mortgage has taken a deed of the premises from the mortgagor? We do not think such a view is Sustained by either principle or authority. Parol evidence is admissible, to show all the surrounding circumstances of the transaction, and for the purpose of discovering the intention. (2 Pomeroy’s Equity Jurisprudence, sec. 792.) We think the district court erred in deciding that the note and mortgage given by Thompson to Byrne, and by the latter assigned to defendant Norah Linehan, by reason of such assignment and the indorsements thereon by her, “cease to exist as against everybody.” We think the district comt erred, also, in refusing to permit parol evidence of the purpose and intention of Norah Linehan in making such indorsements.
The second exception of appellants is covered by what we have said in reference to the first, and the same may be said of the third exception. We are not informed by the record what, if any, ruling the district court made upon the deed from C. A. Morrill to Norah - Linehan.
We find no error in the holding of the district court that the tax deed to Norah Linehan should have been made by the assessor and tax collector of Elmore county, he being the successor in office of the assessor of Alturas county, so far as the land in question was concerned.
There appears what purports to be a supplemental complaint, and an answer to supplemental complaint in the record, but we are unable to discover what figure they cut in the consideration or decision of the case. There were no findings by the court upon any of the issues presented by the answer of the defendants; but, as no exception was taken thereto, we are not called upon to consider the matter. The judgment of the district court is reversed, and the cause remanded for a new trial.
Morgan and Sullivan, JJ., concur.