## HOLMES v. HARPER et al.

No. 9404—Opinion Filed Aug. 13, 1918.

(174 Pac. 756.)

**Landlord and Tenant — Rent — Persons Entitled.**

Where one acquires an agricultural lease on lands for a period of five years which by its express terms took effect on the 8th day of November, 1915, in the absence of a stipulation to that effect, he is not entitled by virtue of said lease to recover rents for the year 1915 from parties that cultivated the land for the year 1915, notwithstanding that the parties who cultivated said premises for the year 1915 may have done so without any authority.

(Syllabus by Pryor, C.)

Error from District Court, Grady County; Will Linn, Judge.

Action by A. A. Holmes against C. W. Harper and G. C. Kesey. There was judgment in justice's court for plaintiff, and from a judgment of the district court, on appeal, in favor of defendants, plaintiff brings error. Affirmed.

Bond, Melton & Melton, for plaintiff in error.

Harry Hammerly, for defendants in error.

Opinion by PRYOR, C. This action was commenced in the justice court by the plaintiff in error A. A. Holmes, as plaintiff, against the defendants in error, C. W. Harper and G. C. Kesey, as defendants, for the recovery of rents and profits accruing on certain lands during the year 1915. From a judgment for plaintiff, the defendants appealed to the district court of Grady county, where the case was tried upon an agreed statement of facts, and judgment rendered in favor of defendants.

The facts, in so far as they pertain to the questions presented for determination here, are as follows: Elmy Ancha-hubbi, a minor full-blood Choctaw Indian, is the owner of the leased lands by inheritance; the same being the allotment of his mother, Adeline Miashaya, a full-blood Choctaw Indian. On the 15th day of October, 1915, David Ancha-hubbi, as guardian of Elmy Ancha-hubbi, minor, executed to the plaintiff, A. A. Holmes, an agricultural lease on said minor's land, for a period of five years. Said lease specifically provided that the same should be in full force and effect from the date of its approval by the judge of the county court of Grady county. At the time

of the execution of the above lease, the defendant C. W. Harper was in possession of said land through his tenant, G. C. Kesey. Harper claimed to be the sublessee of George C. Howard; Howard having leased said lands for the year 1915, and said lease being of record but not having been approved by the county court. At the time of the execution and delivery of the lease to the plaintiff, Holmes, there were some corn and cotton crops on said land. It is agreed that the rental value of said property is $100 per annum.

The plaintiff's action is brought upon the theory that the plaintiff under his lease is entitled to the rents and profits of the year 1915.

Granting that the defendants were in wrongful possession of the premises and were cultivating the premises for the year 1915, without any legal authority therefor, there is no contention, and the case was not brought and tried on the theory, that the plaintiff had been damaged by being unlawfully kept out of possession of said premises by the defendants after the execution of the lease to him by the guardian and its approval by the county court. Then the only question presented for determination is whether or not the plaintiff is entitled under his lease to the rents and profits for the year 1915. The plaintiff's lease was for a period of five years and was by its own terms to be in force and effect from the date of its approval by the county judge. The county court approved the lease on the 8th day of November, 1915.

Where there are no other controlling circumstances which would fix the date of the commencement of the term of a lease, the date of the lease itself fixes the date. The date of the commencement of the lease in question is expressly provided for by its terms, and would commence on the 8th day of November, 1915, the date of its approval by the county court. There is nothing in the contract, nor are there any circumstances, which would indicate any other intention of the parties to the lease.

It is true that the plaintiff testified on direct examination that he paid $75 rent for the year 1915. On cross-examination he modified this statement, so as to make it appear that this was the first year's rent under the lease in advance. The above construction of a lease is so elementary that it seems the question has rarely, if ever, been presented to the courts of last resort for determination; but the same is supported

by Taylor on Landlord & Tenant, vol. 1 (9th Ed.) §§ 68 and 69.

There is nothing contained in the lease nor any circumstances which would show that it was the intention of the parties that the plaintiff should have rent for the crops grown on said land before the taking effect of the lease, and therefore, under the lease, the plaintiff could not recover.

Wherefore, the judgment of the district court should be affirmed.

By the Court: It is so ordered.