## STRATTON v. SHAFFER OIL & REFINING CO.

No. 13291—Opinion Filed April 22, 1924.

On Rehearing Sept. 16, 1924.

**1. Contracts—Construction Controlled by Writing.**

A contract in writing, if its terms are free from doubt and ambiguity, must be permitted to speak for itself and cannot by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence unless in case of fraud or mutual mistake of facts.

**2. Judgment Sustained.**

Record examined, and held, the court did not err in sustaining a demurrer to the defendant's evidence.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by the Shaffer Oil & Refining Company against A. J. Stratton. From a judgment in favor of the plaintiff, defendant brings error. Affirmed.

Henry L. Goddard, for plaintiff in error.

Rainey & Flynn and Calvin Jones, for defendant in error.

Opinion by PINKHAM, C. This action was commenced in the district court of Oklahoma county by the Shaffer Oil & Refining Company, against A. J. Stratton, to recover a balance of $11,967.80, and interest, on a series of promissory notes executed by the defendant in July, August, and September, 1920.

The defendant filed an unverified answer alleging, in substance, that said notes were without any consideration.

The reply of the plaintiff is a general denial.

Upon the trial of the case before a jury the plaintiff offered the notes, which were received in evidence without objection and plaintiff rested its case.

The defendant testified that he had received no consideration of any kind for the notes. Upon cross-examination the defendant identified his signature to two certain instruments and they were admitted in evi-

dence over the objection of defendant, who testified that they had been materially altered.

The consideratioin for the execution of said notes is evidenced by these two written agreements entered into by and between the plaintiff and defendant.

At the conclusion of the defendant's testimony counsel for defendant requested the court to strike from the record the two instruments referred to for the reason that they were altered after the signature of the defendant, which was overruled by the court and exception taken.

Defendant then rested and counsel for plaintiff demurred to the evidence offered on the part of the defendant for the reason that the same, under the law, is not sufficient to constitute a defense to the plaintiff's action.

The court thereupon sustained the plaintiff's demurrer to the evidence.

Judgment was duly rendered for plaintiff in the sum of $12,513, with interest. Motion for new trial was overruled, to which action of the court defendant excepted. The cause comes regularly on appeal to this court.

The first proposition discussed by defendant in his brief is that the court erred in sustaining the plaintiff's demurrer to the defendant's evidence.

The record discloses that the defendant was the only witness in the case. The execution of the notes sued upon was not denied and the defendant in his evidence admitted that he entered into the written agreements introduced in evidence with the plaintiff, and that the subject-matter of these written agreements is the money that defendant received from the plaintiff and which were evidenced by the notes upon which the suit was based. These agreements show that the defendant received the plaintiff's money and thereby became indebted to it.

The said agreements also show that the defendant became the owner of certain oil and gas leases purchased by him with the money that he obtained from the plaintiff, and that the defendant assigned the said leases to the plaintiff as collateral security for the debts.

The defendant testified to the effect that the plaintiff's agent informed him before he executed the notes that "it was just a mere matter of form; that the Chicago office would like to have this evidenced by notes."

It is contended that this testimony is competent to prove that the notes sued on were without any consideration; that they were signed by request of the plaintiff acting by its agent with the assurance to the defendant that it was a mere matter of form to show where the money had been used and that this money was paid to defendant for the express purpose of paying for the leases; that it was so used by him and that he did not receive any benefit for himself.

The case of Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 Pac. 756, is cited in support of defendant's contention.

We do not think the case relied upon lends any support to the position taken by defendant. In that case this court announced the rule in the first paragraph of the syllabus as follows:

"Where an oral agreement. is partially reduced to writing and the writing evidencing it is not a complete and .final settlement of the entire transaction parol evidence not inconsistent with such written contract is admissible to show the full agreement."

In the instant case the contract between the plaintiff and defendant being complete and unambiguous it cannot be altered by parol evidence except for fraud or mistake, Garrison v. Kress, 19 Okla. 433. 91 Pac. 1130.

There was no evidence of fraud or mistake in the execution of the notes and no such claim is made in the brief of defendant.

"The execution of a contract in writing whether the law requires it to be in writing or not, supersedes all oral negotiations or stipulations concerning its matter which precluded or accompanied the execution of the instrument." Section 5035, Comp. Stat. 1921.

In the case of Metz v. Winne, 15 Okla. 1, 79 Pac. 223, it is held in the second paragraph of the syllabus:

"It is not error to sustain a demurrer to an answer which alleges no consideration for a note and which pleads the special facts from which such conclusion is deduced, when from such specific facts it is apparent that such conclusion is erroneous, and that such note is based upon a sufficient consideration."

In the above case. as in this case, it was claimed by the defendant that the notes were without consideration. Defendant in his answer and testimony admitted the execution of the notes. The written contracts were in evidence and their execution was admitted by the defendant. These written agreements evidence the entire transaction between the parties and show, we think, a

valuable consideration for the execution of the notes sued upon.

The testimony of the defendant in respect to an oral understanding had with the plaintiff's agent prior to the execution of the notes, and of the written agreements, was an attempt to vary the terms of the contract. This testimony was received over the objection of the plaintiff.

In the case of Clinton National Bank v. McKennon, 26 Okla. 836, 110 Pac. 649, it is said:

"It is the duty of the court in directing a verdict to lay out of consideration incompetent testimony received over objection."

It is further contended that the court erred in holding that there was no competent evidence tending to prove the material alteration in the contract entered into tween plaintiff and defendant prior to the execution of the notes.

It is sufficient to say that the court, after an inspection of the original agreements introduced in evidence, found that the instrument offered did not show a material alteration on its face and an objection to its introduction was overruled.

A careful examination of the record discloses that the only questions presented in the trial court were: First, that prior to the execution of the notes and of the written agreements there was an oral agreement between the defendant and the agent of the plaintiff relating to the payment of the notes; and, second, that a material alteration has been made in one of these agreements after its execution by the parties.

With respect to the first question the court, as stated, permitted the defendant to testify to the oral agreement which was to the effect that no liability would attach to the defendant by reason of his execution of the notes.

The trial court ruled that whatever arrangement the defendant had with the plaintiff's agent relative to the manner of payment of the notes was later merged in their written agreements. In this we can perceive no error.

As to the second question it appears that the first agreement, which was executed August 11, 1920, provides, in substance, that defendant should refund to the plaintiff all money advanced by it for the purchase of certain oil and gas leases which were to be held by defendant at such time as he should sell or otherwise dispose of said leases, "said time, however, not to exceed six months from the date hereof."

The contention was that the language quoted had been inserted in the original contract after its execution.

The court examined both the original contract and the carbon copy in the possession of the defendant, and after this examination said, "I note a difference in the carbon copy, but I am frank to say I cannot see any difference in that original."

We think the court did not err in holding that there was no competent evidence tending to prove there was a material alteration in the first agreement.

Aside from this, however, the second agreement between the parties relative to the payment of these notes was introduced in evidence bearing date of December 15, 1920, several months after the execution of the first agreement and which completely supersedes the first written agreement and which defendant claims was altered, but there is no claim that the second agreement had been in any manner changed.

Upon the whole record we are of the opinion the court did not err in sustaining the plaintiff's demurrer to the evidence.

We think the judgment of the trial court should be affirmed.

On appeal to this court from a judgment of the district court of Oklahoma county, supersedeas bond was filed, executed by A. J. Stratton, as principal, and S. E. Bell and B. E. Chapin, as sureties, to stay execution of said judgment; and the plaintiff in error has asked this court in its brief to render a judgment against the bondsmen of the defendant in error as well as against the defendant in error. No response has been made to this request. The judgment of the trial court was rendered on the 17th day of October, 1921, in the sum of $12,513, together with interest and costs, and judgment therefore is by the court hereby entered against the defendant in error and the sureties on said appeal bond in the sum of $12,513, together with interest and costs, for which execution may issue.

By the Court: It is so ordered.

---

On Petition For Rehearing.

Opinion by FOSTER, C. The only matters seriously urged by the plaintiff in error in his petition for rehearing, are: First, the two agreements admitted in evidence as exhibits "22" and "23," being contracts executed by the plaintiff in error and the Shaffer Oil & Refining Company, corroborate the assertion of plaintiff in error in his testi-

mony to the effect that he did not receive any consideration for the notes sued on; second, that the court overlooked section 5247, Comp. Stat. 1921, to which the attention of the court was not called in the briefs and oral argument.

Upon the first proposition it is sufficient to say that the court in the instant case construed the contracts as it had a right to do to mean that the ownership by the Shaffer Oil & Refining Company of the leases in controversy was not absolute but special, and that the leases were held by it only as collateral security for the indebtedness evidenced by the notes sued on. If this construction is correct, it follows that the Shaffer Oil & Refining Company would have a right to waive its security and enforce liability upon the notes in a personal action against plaintiff in error.

Upon the second proposition, that under section 5247, supra, the Shaffer Oil & Refining Company is estopped to deny that the legal effect of the contracts introduced in evidence was to vest the absolute ownership of said leases in it without offering to return the leases assigned, it is sufficient to say that section 5247, in our judgment, has no application to the facts as disclosed by the record in the instant case. To make said section 5247 applicable would be to assume the precise matter in dispute, viz., that the ownership by the Shaffer Oil & Refining Company of the leases in controversy was absolute and not conditional.

For the reasons stated, the petition for rehearing, in our judgment, should be and is hereby denied.

**By the Court:** It is so ordered.