FIRST NATIONAL BANK OF IDAHO, a Corporation, Respondent, v. HENRY REINS, Appellant.

[248 Pac. 9.]

BILLS AND NOTES—DEFENSES TO NON-NEGOTIABLE NOTE—BANKS AND BANKING—EVIDENCE—WANT OF CONSIDERATION—OFFSET OF DEPOSITS IN INSOLVENT BANK.

1. Non-negotiable note after assignment as security for indebtedness is subject to same equities and defenses as though in hands of original payee.

2. Where borrower, after requesting $1,000 loan, agreed to take $5,000 on bank's agreeing to give certificate of deposit for $4,000, note and certificate so executed must be construed together as forming one contract.

3. Several instruments made at same time having relation to same matter must be taken as parts of one transaction and construed together to show true contract.

4. Purpose for which written instrument was delivered as between parties and as to those having notice, may be shown by parol.

5. Where bank on making $5,000 loan agreed to give borrower certificate of deposit for $4,000 and cancel $4,000 of note with certificate, bank's failure to comply with contract terminated it in that respect.

6. Delivery of $5,000 note to bank, $4,000 of which was conditional and for accommodation of bank, *held* without consideration as to $4,000, precluding liability thereon to bank.

7. Portion of note given bank under agreement that bank would issue certificate of deposit for part of amount, which was to be used to cancel note, *held* not to come within Laws 1921, chap. 42, as to offset of deposits in insolvent banks; there being no *bona fide* deposit.

8. Voluntary payment to commissioner of finance of notes which cashier had failed to pay from deposit as directed previous to insolvency cannot be subsequently offset or recovered.

9. Under Laws 1921, chap. 42, deposits made subsequent to giving of note in bank which later became insolvent cannot be offset against note, though depositor did not know note had been assigned.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. Bertram S. Varian, Judge.

Action on promissory note. Judgment for plaintiff. *Reversed* and *remanded.*

Publisher's Note.

1. See 2 R. C. L. 629.

3. See 6 R. C. L. 850.

8. See 21 R. C. L. 141.

See Banks and Banking, 7 C. J., sec. 350, p. 652, n. 80; sec. 445, p. 712, n. 14, 22.

Bills and Notes, 8 C. J., sec. 409, p. 259, n. 43; sec. 702, p. 488, n. 17.

Contracts, 13 C. J., sec. 487, p. 530, n. 58.

Evidence, 22 C. J., sec. 1586, p. 1184, n. 86.

Payment, 30 Cyc., p. 1313, n. 91.

Freehafer & McClure and Hays, Martin, Cameron & Hays, for Appellant.

The defendant was entitled to avail himself against plaintiff of all set-offs, equities and defenses which existed in his favor and against the Fruitland State Bank at the time he first had notice of the assignment of his note to plaintiff. (C. S., secs. 6635, 6695, subd. 2; *McCabe v. Grey,* 20 Cal. 509; *St. Louis Nat. Bank v. Gay,* 101 Cal. 286, 35 Pac. 876; *First Nat. Bank v. Nye County,* 38 Nev. 123, Ann. Cas. 1917C, 1195, 145 Pac. 932; *Puget Sound State Bank v. Washington Paving Co.,* 94 Wash. 504, 162 Pac. 870; *McKenny v. Ellsworth,* 165 Cal. 326, 132 Pac. 75.)

As a general rule a depositor who is indebted to the bank is entitled to set off the amount of his credit against his indebtedness, even though the bank is insolvent. (7 C. J. 652.)

Chapter 42 of the Laws of 1921 changed the foregoing rule in regard to set-off only; all other defenses and equities were left untouched and might be asserted by defendant. The receiver of a bank and the creditors stand on no higher plane than the bank. (*Massey v. Fisher,* 62 Fed. 958; *Chicago Title and Trust Co. v. Brady,* 165 Mo. 197, 65 S. W. 303; *Montgomery Bank etc. Co. v. Walker,* 181 Ala. 368, 61 So. 951; *Westwaler v. Lyons,* 193 Fed. 817, 113 C. C. A. 617; *Ward v. Oklahoma State Bank,* 51 Okl. 193, 151 Pac. 852.)

A failure to perform a promise that was part of the consideration for the giving of the note at bar is a failure of consideration. (2 Williston on Contracts, p. 1561; *Bray v. Lowery,* 163 Cal. 256, 124 Pac. 1004; 12 C. J. 525.) Where a right is created solely by statute, and is dependent upon the statute alone, and such right is still inchoate, and not reduced to possession or perfected by final judgment, the repeal of the statute destroys the right and the remedy, unless the repealing statute contains a saving clause. (*Moss v. Smith,* 171 Cal. 777, 155 Pac. 90; *People v. Bank of San Luis Obispo,* 159 Cal. 65, Ann. Cas. 1912B, 1148, 112 Pac. 866, 37 L. R. A., N. S., 934; Sutherland on

Stat. Construction, secs. 162, 163; Endlich on Interpretation of Statutes, sec. 478; *Napa State Hospital v. Flaherty,* 134 Cal. 315, 66 Pac. 322; *Flanigan v. County of Sierra,* 196 U. S. 553, 25 Sup. Ct. 314, 49 L. ed. 597.)

Karl Paine, Edwin Snow and Dean Driscoll, for Respondent.

The certificate does not constitute an offset to the note as a ·matter of law, neither is the $719.92 balance on open account available as an offset. (C. S., secs. 6063, 6635, 6695, 6697; *McGuire v. Lamb,* 2 Ida. 346, 378, 17 Pac. 749; Pomeroy, Code Remedies, sec. 91, p. 130; *Stadler v. First Nat. Bank,* 22 Mont. 190, 74 Am. St. 582, 56 Pac. 111.)

The repeal of the 1921 act by chap. 133, 1925 Sess. Laws, does not affect the judgment entered before the repeal. (*Fidelity State Bank v. North Fork Highway Dist.,* 35 Ida. 797, 31 A. L. R. 781, 209 Pac. 449; *Ind. School Dist. v. Porter,* 39 Ida. 340, 228 Pac. 253.)

The voluntary payment of the two small notes cannot be recovered. (*Independent School Dist. v. Mittry,* 39 Ida. 282, 226 Pac. 1076.)

The defense of partial failure of consideration, if it exists, is not available for the reason that the maker received and retained part of the consideration. (*Daniels v. Englehart,* 18 Ida. 548, 111 Pac. 3, 39 L. R. A., N. S., 938; *Pioneer Bank & Trust Co. v. MacNab,* 41 Ida. 146, 238 Pac. 295.)

The defense of fraud was not urged, but at any rate is not available. (*Pocatello Security Trust Co. v. Henry,* 35 Ida. 321, 206 Pac. 175, 27 A. L. R. 337; *Hoagland v. Garrison,* 32 Ida. 746, .188 Pac. 42.)

The equities of the situation are with the plaintiff. (*Meholin v. Carlson,* 17 Ida. 742, 134 Am. St. 286, 107 Pac. 755.)

BUDGE, J.—Respondent brought this action to recover upon a promissory note executed by appellant in favor of

the Fruitland State Bank and by assignment by such bank collateraled to respondent to secure a loan. The trial court directed a verdict for respondent, and from the judgment entered on the verdict and an order denying a motion for new trial this appeal is taken.

The facts are not in dispute, namely, that appellant went to the Fruitland State Bank and asked the cashier, Gardner, if he could borrow $1,000, and was told that he could; that the cashier asked him if he could not make it $5,000, and appellant replied that he did not want more than $1,000; that the cashier stated to appellant that if he would make the loan $5,000 it would be a big help to the bank and also to the fruit-growers, and that appellant would be given a certificate of deposit to offset the $5,000 note,— the note to draw interest at the rate of eight per cent, as that was the regular rate charged by the bank, and the certificate of deposit to draw five per cent, but that when the certificate of deposit came due the difference in the interest would be allowed. Appellant signed a note for $5,000, and within two days thereafter this note was posted as collateral security for a loan from respondent to the Fruitland State Bank.

Appellant, in his answer to the complaint, among other defenses, as an affirmative defense alleged that he "received no consideration for the said note except the sum of $1,000 thereof," and the uncontradicted proof is that no benefit accrued to appellant from the signing of the $5,000 note except the $1,000 which he actually received.

[1] The note was non-negotiable in form; its assignment to respondent was not a sale or transfer of the ownership of the Fruitland State Bank therein, but was a pledge as security for indebtedness. Respondent stands in the same position as if the Fruitland State Bank were suing on the note, the note being subject to the same equities and defenses in the hands of respondent as it would have been in the hands of the original payee. (*Radke v. Liberty Ins. Co.*, 37 Ida. 436, 216 Pac. 1040.)

[2] By reason of the unusual transaction under which the cashier of the Fruitland State Bank obtained from appellant the $5,000 note and gave the latter what purported to be a certificate of deposit, the two papers so executed must be taken and construed together. They formed one contract which, between the original parties to the note and the purported certificate of deposit, could not be enforced until the agreement made by the parties in connection with the transaction was performed. [3] It has been well settled, in this state and elsewhere, that several instruments made at one and the same time, and having relation to the same subject matter, must be taken to be parts of one transaction, and construed together for the purpose of showing the true contract between the parties. [4] It is also well settled that if a written instrument is delivered, the purpose for which it was delivered, as between the parties and as to those having notice, may be shown by parol, and the effect of the admission of such testimony is not violative of the rule against the admission of parol evidence to vary the terms of a written instrument, but is to show the intention of the parties and what the agreement was. (*Central Bank of Bingham v. Stephens,* 58 Utah, 358, 199 Pac. 1018; *Beach v. Nevins,* 162 Fed. 129, 89 C. C. A. 129, 18 L. R. A., N. S., 288; *Peterson v. Tillinghast,* 192 Fed. 287, 112 C. C. A. 545; *Higgins v. Ridgway,* 153 N. Y. 130, 47 N. E. 32; 22 C. J. 1153.)

[5] The contract between the parties was that the $4,000, together with the interest provided for, would be offset by the $4,000 evidenced by the purported certificate of deposit. The important question to be decided is, what was the real obligation of the appellant. When the motion for a directed verdict was made and by the court entertained the evidence conclusively showed that appellant's obligation was for $1,000; that is all the money that he received and which passed to his checking account. As to the $4,000, when the Fruitland State Bank failed to comply with its contract to cancel the $4,000 of the note with the

certificate of deposit for that amount, which the evidence shows that it agreed to do, the contract in that respect terminated, since the Fruitland State Bank could not avail itself of the benefits of the contract without assuming the burdens thereof. It was definitely agreed that appellant should not be required to pay any part of the $4,000 or the interest thereon.

[6] In *Seymour v. Cowing,* 4 Abb. Dec. (N. Y.) 200, it was in substance held that, where one party delivered his notes to another, the person delivering them might prove that they were not delivered as binding obligations against him, and that they were without consideration, and consequently void. The import of appellant's evidence is that the delivery of the note, so far as the $4,000 is concerned, was conditional and was for the accommodation and to serve some particular purpose of the bank, which being true, there was no consideration for the $4,000, and the court erred, in our opinion, in directing a verdict for respondent.

Appellant received no benefit beyond the $1,000, which was known and understood by the cashier, and, since the note is non-negotiable, such fact constituted a valid defense to the action so far as the $4,000 is concerned. *Higgins v. Ridgway, supra.*

In *Bank v. Colwell,* 57 Hun, 169, 10 N. Y. Supp. 864, where, at the time a note was discounted, there was a distinct understanding between the maker and the bank discounting it, that the former should incur no liability by signing the note, it was held that he was not liable thereon to the bank which discounted it. The decision in the case last mentioned was based partly upon *Benton v. Martin,* 52 N. Y. 570, wherein it was held that instruments not under seal may be delivered to one to whom they are payable upon conditions, the observance of which is essential to their validity; that the annexing of such conditions to the delivery is not an oral contradiction of the written obligation; that, as it needs a delivery to make an obligation operative, the effect of it, and the extent to

which the instrument is to become operative, may be limited by the condition attending its delivery; and that, as between the parties and others having notice, the want of consideration may be shown.

[7] Other defenses are urged against the validity of the note sued upon so far as the $4,000 is concerned, but become unimportant in view of the conclusion reached. Respondent also seeks to maintain a right of recovery upon the theory that there was a consideration for the $4,000 in the issuance to and acceptance by appellant of the certificate of deposit. But appellant made no deposit of $4,000 and the transaction was not intended as a *bona fide* deposit on time of $4,000 of appellant's money, and was nothing more than a fraudulent act upon the part of the cashier to obtain appellant's signature on an instrument for the purpose of securing a further loan for the benefit of the bank, as the evidence clearly shows. And, since there was no deposit, the transaction does not fall within the provisions of Sess. Laws 1921, c. 42, pp. 53, 62, regarding offsets of deposits in insolvent banks.

[8] On May 12, 1922, appellant gave his note to the Fruitland State Bank for $100, bearing interest, and on August 12, 1922, he gave his note for $250, bearing interest. The Gem Fruit Union was indebted to appellant in the sum of $1,026, and by arrangement this amount was deposited in the Fruitland State Bank to appellant's credit. Before the deposit of said latter amount appellant and the cashier of the bank, Gardner, entered into an agreement whereby the two notes above mentioned, together with interest, would be paid out of the $1,026, and the balance credited to appellant's checking account. The $1,026 was paid into the bank, on November 3, 1922, but the cashier ˙did not pay the two small notes as directed, placing the entire amount on deposit instead. The bank failed on November 20, 1922, and was taken in charge by the commissioner of finance. Later appellant voluntarily paid the amount of the two small notes, aggregating $363.10, to the liquidating agent of the Fruitland State Bank, and

in this action he seeks to have the same offset against the $1,000 which he received in connection with the $5,000 note, upon the theory of a breach of a trust agreement and damages resulting therefrom. This was a voluntary payment made by reason of a mistake of law and cannot be offset or recovered, falling within the rule announced in *Independent School Dist. No. 6 v. Mittry*, 39 Ida. 282, 226 Pac. 1076, and 30 Cyc. 1313.

[9] Appellant further pleads as an additional offset $719.92 on account of deposits made in the Fruitland State Bank subsequent to the giving of the note sued upon in this action and prior to the time that he had any knowledge or notice of the assignment of the note in question. This amount, which was the balance to appellant's account in the defunct Fruitland State Bank at the time of its failure and subject to his check, cannot be offset against the $1,000, under the provisions of Sess. Laws 1921, c. 42, pp. 53, 62, forbidding offsets such as here sought to be made, said provisions of the statutes being in force at the time the deposit was made and long subsequent thereto and after the entry of judgment in the cause in the court below.

From what has been said it follows that the judgment should be reversed and the cause remanded for a new trial. It is so ordered. Costs awarded to appellant.

William A. Lee, C. J., and Wm. E. Lee and Givens, JJ., concur.

Taylor, J., dissents.