(December 4, 1926.)

## CENTRAL BANK OF BINGHAM, a Corporation, Respondent, v. JESSE A. PERKINS, Appellant.

[251 Pac. 627.]

BILLS AND NOTES — ACCOMMODATION MAKER — CONSIDERATION — PAROL EVIDENCE INADMISSIBLE—FOREIGN BANK HELD NOT "DOING BUSINESS WITHIN STATE."

1. Under C. S., sec. 5896, failure of accommodation maker to receive consideration is no defense to action on note.

2. That accommodation note was made payable to and delivered to bank does not make bank accommodated party.

3. Parol evidence that accommodation maker had been assured by accommodated parties, one of whom was cashier of bank to which note was payable, that he would not be required to pay note, was inadmissible as tending to vary terms of written contract.

4. Acts of bank of another state in execution and delivery of accommodation note to it did not constitute "doing business within state," within meaning of constitution and statute requiring compliance with laws of state.

APPEAL from the District Court of the Fifth Judicial District, for Bear Lake County. Hon. O. R. Baum, Judge.

Action on a promissory note. Judgment for plaintiff. *Affirmed.*

Geraint Huhpherys, for Appellant.

Plaintiff cannot maintain an action on this note for the reason that it nor the Citizens' State Bank did not comply

Publisher's Note.

1. See 3 R. C. L. 927.

3. Parol evidence to show that bill or note was given for special purpose, see note in 20 A. L. R. 421. See, also, 3 R. C. L. 1122.

See Banks and Banking, 7 C. J., sec. 17, p. 486, n. 87.

Bills and Notes, 8 C. J., sec. 410, p. 260, n. 51; sec. 412, p. 263, n. 69.

Evidence, 22 C. J., sec. 1445, p. 1091, n. 39.

with the laws of the state of Idaho relating to foreign corporations. (Const., art. 11, sec. 10; C. S., secs. 4772, 4775; *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873; *Valley Lumber & Mfg. Co. v. Driesell,* 13 Ida. 662, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299; *Valley Lumber & Mfg. Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24; 14a C. J. 1274, and note b, 1275; 12 R. C. L., p. 81, sec. 55.)

Want of consideration is a defense to an action on a written instrument, and is available to the defendant. (C. S., sec. 5895; 2 Williston on Contracts, sec. 644; *Burk v. Dulaney,* 153 U. S. 228, 14 Sup. Ct. 816, 38 L. ed. 698; Brannon, Negotiable Law, p. 112; *Central Bank of Bingham v. Stephens,* 58 Utah, 358, 199 Pac. 1018.)

The delivery of a note on condition that the maker should not be held liable thereon is a good defense. (*Central Bank of Bingham v. Stephens, supra.*)

The cashier of a bank, in full control, can accept a note on condition that the maker thereof shall not be held liable. (*Central Bank of Bingham v. Stephens, supra.*)

Bagley, Judd & Ray and Arthur Hart, for Respondent.

There is nothing in the transaction before the court which in any way prevents Central Bank of Bingham from suing on the note here sued upon, because Citizens' State Bank did not qualify to do business in Idaho pursuant to the laws thereof. (C. S., secs. 4772–4775; *Bonham National Bank v. Grimes Pass Placer Min. Co.,* 18 Ida. 629, 111 Pac. 1078; *Diamond Bank v. Van Meter,* 19 Ida. 225, 113 Pac. 97; *Largilliere Co. v. McConkie,* 36 Ida. 229, 210 Pac. 207.)

If it be admitted that defendant himself did not receive consideration, he is still liable as an accommodation maker. (C. S., sec. 5896; *German-American State Bank v. Watson,* 99 Kan. 686, 163 Pac. 637; *Skagit State Bank v. Moody,* 86 Wash. 286, 150 Pac. 425, L. R. A. 1916A, 1217; *McGhee Investment Co. v. Kirsher,* 71 Colo. 137, 204 Pac. 891; *Mulany v. Murray,* 68 Mont. 245, 216 Pac. 1105; *First Nat. Bank v. Malmquist,* 158 Minn. 140, 197 N. W. 271; *Seymour & Co. v. Castell,* 160 La. 371, 107 So. 143; *Security*

*Nat. Bank v. West,* 120 Kan. 434, 243 Pac. 1014; *First Bank of Cordova v. Tjosevig,* 138 Wash. 231, 244 Pac. 736.)

There was no delivery which as to plaintiff could be termed a conditional delivery of said note under the authority of *Central Bank of Bingham v. Stephens,* 58 Utah, 358, 199 Pac. 1018.

WM. E. LEE, C. J.—Judgment was obtained in an action on a promissory note given by appellant to Citizens' State Bank of Bingham, Utah. The grounds on which it is sought to reverse the judgment are: That certain findings are not sustained by the evidence; that appellant received no consideration for the note; that the note was delivered on condition that the maker would not be held for its payment; and that since the note was signed in Idaho and both the payee bank and respondent are Utah corporations, not having complied with the laws of this state relating to the doing of business by foreign corporations in this state, the action cannot be maintained.

Kelly was cashier of the Citizens' bank and a brother-in-law of appellant. Webb was president of a company developing a coal mine; Thurman was its attorney; Kelly was its treasurer, actively interested in the promotion; appellant was a stockholder. Webb and Thurman went to Montpelier, Bear Lake county, in this state, told appellant that the bank had already loaned the officers of the coal company all the money the bank examiner would permit, and that Kelly had sent them to ask him to sign a note to the Citizens' bank for $2,500 so the bank could lend that amount to be used in the development of the coal mine. Appellant refused unless Kelly "was really desirous of me signing it." Being assured by telephone that such was Kelly's desire, he signed a note due in 90 days, which he received by mail and sent by mail to the Citizens' bank. On the failure of the Citizens' bank, the note went into the hands of the receiver and was, by order of the Utah court, assigned to respondent. The evidence shows that the note was signed to enable Kelly and the other pro-

moters of the coal mine to get $2,500 from the Citizens' bank. It was the understanding also that the promoters would pay it; that the note would never be negotiated and that appellant would not be required to pay it. The note was not paid, and the renewal note was given to take up the first one. The promoters got the money on the note, and failed to pay it back; the Citizens' bank failed, and appellant was called on to pay the note. The findings are sustained by the evidence.

[1] Conceding that respondent stands in the shoes of the Citizens' bank and that any defense appellant could have made to an action by the Citizens' bank was available against respondent, the fact that the maker received no consideration for the note will not excuse him from having to pay it. He was an accommodation maker; he signed the note without any consideration moving to himself with the intention of lending his credit to the promoters of the mine. The note was given to the bank for the accommodation of the promoters and they received the consideration. That the accommodation maker received no consideration is not a defense to the payment of the note (C. S., sec. 5896). (Farmers' Nat. Bank of Pilger v. Ohman, 112 Neb. 491, 199 N. W. 802; Seymour v. Castell, 160 La. 371, 107 So. 143; Commonwealth Nat. Bank v. Goldstein (Tex. Civ. App.), 261 S. W. 539; State Bank v. Forsyth, 41 Mont. 249, 108 Pac. 914; Skagit State Bank v. Moody, 86 Wash. 286, 150 Pac. 425, L. R. A. 1916A, 1217; German-American State Bank v. Watson, 99 Kan. 686, 163 Pac. 837; Warren Nat. Bank v. Suerken, 45 Cal. App. 736, 188 Pac. 613; Mulany v. Murray, 68 Mont. 245, 216 Pac. 1105; Security Nat. Bank v. West, 120 Kan. 434, 243 Pac. 1014. See, also, Brannan's Negotiable Instrument Law, 4th ed., sec. 29.)

[2] The fact that the note was made payable to and delivered to the bank does not make the bank the accommodated party. (Neal v. Wilson, 213 Mass. 336, 100 N. E. 544; Nalitzky v. Williams, 237 Fed. 802; Federal Reserve Bank v. Crothers, 289 Fed. 777; Luverne State Bank v. Dailey, 51 N. D. 688, 200 N. W. 793; Farmers' Nat.

*Bank v. Ohman,* 112 Neb. 491, 199 N. W. 803; *Skagit State Bank v. Moody, supra; German American State Bank v. Watson,* 99 Kan. 686, 163 Pac. 637; *Security Nat. Bank v. West,* 120 Kan. 434, 243 Pac. 1014; see, also, Brannan's Negotiable Instrument Law, p. 280 et seq.)

[3]    The trial court permitted the introduction of evidence that the note was delivered on the agreement that its maker would not be required to pay it, but that payment would be required from those who received the consideration.    While the authorities seem to be in substantial accord that, as against persons not holders in due course, evidence is admissible to prove a contemporaneous oral agreement that the instrument was to take effect only on the performance of a condition, it by no means follows that appellant was entitled to prove an agreement that he would not be required to pay the note to the bank.    It was distinctly understood between appellant and the promoters, including the cashier, that the note was to be used to secure funds of the bank for the promoters, and the note was delivered for that express purpose.    The position of appellant is that having signed the note with the understanding that it would be used by his brother-in-law cashier and the other promoters for the purpose of borrowing money from the bank, since the bank loaned the money on his note and the promoters did not pay it back, as they had promised, he ought now to defeat payment of the note because the cashier, one of the parties accommodated, told him he would not be required to pay it.    The note was not delivered with the understanding that it would become operative only on the performance of a condition.    There was no condition attached to its delivery; and parol evidence that the accommodated parties assured appellant that he would never be required to pay the principal or interest of the note should not have been admitted.    It tended to vary the terms of the written contract.    (*Burke v. Dulaney,* 153 U. S. 228, 14 Sup. Ct. 816, 38 L. ed. 698; *Bank of California v. Starret,* 110 Wash. 231, 9 A. L. R. 177, 188 Pac. 410; *Would v. Hondins,* 74 Colo. 400, 222 Pac.

404; *First Nat. Bank v. Wolf,* 208 Ill. App. 283; *Stevens· v. Inch,* 98 Kan. 306, 158 Pac. 43; *Stratton v. Shaffer,* 103 Okl. 28, 228 Pac. 772; Brannan's Negotiable Instrument Law, 4th ed., 145 et seq., and note in 20 A. L. R., commencing at par. 421; *Farmers' State Bank v. Farsstrom,* 89 Or. 97, 173 Pac. 935.)

Appellant relies on *Central Bank v. Stephens,* 58 Utah, 358, 199 Pac. 1018. The facts in the two cases are materially different. In the Stephens case there was no consideration for the note; there the note appears to have been delivered on the representation of the cashier that it would not be used or negotiated; nor was the maker told that the note was "to enable him (the cashier) to raise money." In this case the bank parted with $2,500 for the note, and the maker was told that the note was to be used to make a loan to the promoters. It is said that our position is contrary to *First Nat. Bank v. Reins,* 42 Ida. 720, 248 Pac. 9. In that case Reins went to the Fruitland bank and asked to borrow $1,000. The cashier assented but told him that "it would be a big help to the bank if he would make it $5,000." Desiring only $1,000, it was so arranged that Reins gave a note for $5,000 and the bank gave him a certificate of deposit for $4,000. The holding actually necessary to the decision of that case was that the note and certificate of deposit formed one contract, relating to the same subject matter, and, considered together, showed that the bank had actually loaned Reins $1,000, and that Reins owed the bank only $1,000. At any rate, neither of these decisions is authority for the proposition that the accommodation maker of a promissory note may defend on the ground that he was told by the parties accommodated (whose interest in the matter was decidedly in conflict with the bank) that he would never be required to pay the note, nor do they hold parol evidence of such an agreement admissible.

[4] In the execution of the note Kelly and his fellow promoters were acting for themselves and not for the bank. They secured the execution of the note in this state and used it to obtain a loan from the Citizens' bank in Utah.

It·may be conceded that the promoters *did business* in this state, but the evidence is ample to sustain the finding of the trial court that none of the acts of the Citizens' bank, in the execution and delivery of the note, constituted doing business in this state within the meaning of our constitution and statutes.

Judgment affirmed.    Costs to respondent.

Givens, Taylor and T. Bailey Lee, JJ., concur.

BUDGE, J., Dissenting.—It would be impracticable to set out in full the evidence introduced in the trial of this cause. After reading the record I am satisfied, however, that the evidence is not sufficient to justify an affirmance of the judgment, and that there is ample evidence to justify the conclusion that the note sued upon and made payable to the Citizens' State Bank was delivered to the bank conditionally.

It is conceded that respondent stands in no better position than the Citizens' State Bank would have been in had it brought the action, and that all defenses against the payment of the note may be urged with like effect against respondent as could have been made against the original payee.

The conditions of the delivery of the note in question, as testified to both by the maker and the cashier of the Citizens' State Bank, were that the note was delivered to the bank with the express understanding that it was to be used for the accommodation of the bank and not for the accommodation of the Iron County Coal Company. While the coal company may have received the proceeds of the note, it was given to the bank for its accommodation in order to make a loan to the coal company. It further appears that the maker of the note was told that he would not be called upon to pay either the principal or interest thereon, but that the note would be returned to him canceled. That the maker received no consideration for the note is amply supported by the evidence. I am unable to see, in so far as

the facts in this case are concerned and particularly touching this phase of the case, that they differ in any respect from the facts adduced in the case of *Central Bank of Bingham v. Stephens,* 58 Utah, 358, 199 Pac. 1018, wherein the supreme court of Utah held that there was a conditional delivery of the note and denied a recovery in favor of the bank suing thereon.

I am further satisfied that when the principles of law announced by this court in *First Nat. Bank v. Reins,* 42 Ida. 720, 248 Pac. 9, are applied to the facts in the case at bar, a recovery on the note here sued upon cannot be sustained. In *First Nat. Bank v. Reins, supra,* this court laid down the following rule, which is amply supported by authority, that: "It is also well settled that if a written instrument is delivered, the purpose for which it was delivered, as between the parties and as to those having notice, may be shown by parol, and the effect of the admission of such testimony is not violative of the rule against the admission of parol evidence to vary the terms of a written instrument, but is to show the intention of the parties and what the agreement was."

The agreement between appellant and the Citizens' State Bank (through the bank's cashier, Kelly), coming from the mouth of Kelly, was that as cashier he received appellant's note through the mail, and that it was mailed to him at his request and as cashier of the bank; that he asked appellant to send the note to the bank and that it would be used as a mere matter of form and returned, canceled, before maturity; and that appellant received no consideration for the note. When asked the question, by whom the note was to be returned, Kelly answered, "the bank."

In *Central Bank of Bingham v. Stephens, supra,* upon the question of the conditional delivery of the note in that case, witness Kelly was interrogated as follows and replied as indicated:

"Q. Didn't you then, when he hesitated, when Mr. Stephens hesitated, didn't you then say, 'Tom, this is a matter of form; I'll hold this for 8 or 10 days and hand it back

to you.' Didn't you in substance say that to him? A. Yes; very possibly.

"Q. And didn't you say, 'Tom, this note is not going to be used for any purpose; I just want it for a few days, and I'll hand it back to you?' A. I may have said something similar to that."

Under like circumstances the note was obtained from appellant in the instant case. Appellant understood and so did Kelly that the note was taken for the accommodation of the bank and that appellant would not be called upon to pay it, and that it would be returned to appellant, canceled, by the bank. The findings of the trial court to the contrary are not supported by the evidence. These conditions attaching to the note were binding upon the bank taking it as well as upon the bank seeking to enforce its payment. Neither of them could enjoy the benefits of the transaction and escape the conditions thereof.

If a bank, through its cashier who is permitted to transact the business of the bank without let or hindrance, can obtain from one not schooled in high finance a note for the accommodation of the bank, delivered conditionally, and later on treat the note as one delivered unconditionally and mulct the maker for the full amount of both principal and interest, and attorney fees; or if one standing in the same position as the payee bank and taking the note precisely as the payee bank took it—with the conditional agreement under which it was taken—may do this, I am much in doubt that upholding such a result is supporting "good business practices throughout the commercial world."