(No. 6204.   May 2, 1935.)

JAMES   V.   WARE,   Appellant,   v.   INDEPENDENT
SCHOOL   DISTRICT   No.   3   OF   CLARK   COUNTY,
IDAHO,   Respondent.

[44 Pac. (2d) 1097.]

Alvin Denman, for Appellant.

Hoyt Ray, for Respondent.

MORGAN, J.—Sometime prior to and on March 14, 1933, appellant had been, and was, employed by respondent in a capacity referred to in the transcript as principal, also as superintendent of its schools. On that date respondent's board of trustees held a meeting and the following is a part of the minutes thereof:

"After discussion of salaries of teachers for next year, Wood made motion, seconded by Hardy, that the following cuts in present wages be made and contracts given teachers on this basis: Janitor Ten Dollars; grade and high school teachers Fifteen Dollars, and Principal Twenty Dollars. To meet with the Principal tomorrow, and then with teachers immediately following presenting our reasons, and requesting their cooperation."

March 20, 1933, appellant received, from the clerk of the board, through the mail, an unsigned form of teacher's contract dated that day, wherein respondent was named as party of the first part and he as party of the second part. It was therein stated that the party of the first part "does by these presents employ, the party of the second part as teacher of District No. 3 of the County of Clark for a period of nine school months from and after the fifth day of September, 1933, and agrees to pay the party of the second part for the said services the sum of One hundred eighty Dollars ($180.00) per month, to be paid at the end of each school month during the term of said current school year." Then follows an agreement on the part of second party to teach the school, and specifications of the manner in which his duties were to be performed, together with other covenants. Appellant signed the contract and re-

turned it to the clerk. He relies on this document executed by him, but not by the board, and the minutes above quoted, written and signed by the clerk of the board, as evidence of a contract within the meaning of I. C. A., sec. 32–615, as follows:

"The board of trustees of all school districts in the state of Idaho shall have power and it is its duty to:

## "MISCELLANEOUS POWERS.

"1. Employ certified teachers on written contract in form approved by the state board of education, a copy of which contract shall be filed with the county superintendent. . . . . "

Appellant insists the minute adopted by the board and the document signed by him constitute a written contract within the meaning of the statute and that it is not necessary that such a contract be signed by the trustees, or any of them, in execution thereof.

Assuming, but not deciding, appellant is correct in this contention, it does not follow he is entitled to recover. The trial judge found:

"That the plaintiff has failed to show that the defendant intended to enter into any contract for the employment of the plaintiff as a teacher for any term whatever from and after September 6, 1933,"

and the evidence sustains the finding.

It is appellant's contention that the form of proposed contract mailed to him by the clerk constituted an offer of employment, pursuant to the motion made and carried as shown by the minutes of the meeting of March 14, 1933, and that when he signed it and returned it to the clerk it constituted an acceptance of the offer which made a contract binding on both parties. Also that the board, by refusing to permit him to perform his duties, violated the contract.

Testimony was received tending to show that at a meeting of appellant and all the members of the board, except one, held March 15, 1933, appellant suggested that contract

forms be sent to all the teachers for the purpose of ascertaining who among them desired to continue in the employment of the district, and that when a form was returned signed by the one therein named as party of the second part, the board would decide whether it would employ such party, and execute the contract on the part of the district, or not, as it might then determine; that this plan, so proposed by appellant, was followed and contracts were mailed to him and the other members of the teaching staff accordingly. There is conflict in the testimony on this point, but the evidence supporting the finding of fact and judgment is sufficient to sustain them.

It was competent to show, by oral evidence, that in sending the form of contract to appellant it was not intended as an offer of employment, but that it was sent with the intention that the board should decide whether or not it would employ him if he signed the form and returned it, and that he so understood the matter. In *First National Bank of Idaho v. Reins,* 42 Ida. 720, 725, 248 Pac. 9, 10, this court said:

"It is also well settled that if a written instrument is delivered, the purpose for which it was delivered, as between the parties and as to those having notice, may be shown by parol, and the effect of the admission of such testimony is not violative of the rule against the admission of parol evidence to vary the terms of a written instrument, . . . . "
See, also, *Westheimer v. Thompson,* 3 Ida. 560, 32 Pac. 205.

The judgment is affirmed. Costs are awarded to respondent.

Givens, C. J., and Budge, Holden and Ailshie, JJ., concur.