## BLOCK vs. KIRTLAND.

A payment by the maker of a negotiable note, to the original payee, after the note has been assigned, is not a good defence to an action by the assignee against the maker.

*Appeal from Poinsett Circuit Court.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

FOWLER & STILLWELL, for the appellant.

WATKINS & GALLAGHER, contra.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Ira B. Kirtland brought an action of debt against David Block, in the Poinsett Circuit Court, upon the following instrument:

"$850 28                            MEMPHIS, March 20th, 1854.

Nine months after date, I promise to pay to Furguson & Neill or order, at the Branch Planters Bank of Tennessee, at Memphis, eight hundred and fifty 28–100 dollars, value received, at the rate of ten per cent. interest per annum after maturity of note.                    DAVID BLOCK."

On which were the following assignments:

"June 20th, 1854. We assign the within to Emerson, Cochrane & Co. Waiving demand and notice, and guaranteeing the ultimate solvency of the maker.

FURGUSON & NEILL.

Pay to J. B. Kirtland, Esq., or order.

EMERSON, COCHRANE & CO."

Block interposed several special pleas, alleging, in substance, that the assignment to Emerson, Cochrane & Co., was not made in the usual course of trade, but by way of security for a debt

due to them from Furguson & Neill: that Emerson, Cochrane & Co. assigned the note to Kirtland, the plaintiff, for collection merely: and that he, Block, having no notice of the assignment by Furguson & Neill, paid to them the amount due on the note. Some of the pleas allege full payment, under such circumstances, and others part payment.

Issues were taken to the pleas, submitted to the court, sitting as a jury, and finding and judgment in favor of the plaintiff for the amount of the note with interest.

The defendant moved for a new trial, which was refused, and he excepted and appealed.

The sufficiency of the evidence to sustain the finding of the court, is the only question presented for our consideration.

But one witness was examined, the book keeper of Furguson & Neill, who proved that they transferred the note sued on to Emerson, Cochrane & Co., merchants of Boston, in part payment of an invoice of goods purchased of them by Furguson & Neill. The invoice was dated 15th of June, and the transfer of the note was entered on the books of Furguson & Neill in July, 1854. Witness knew nothing of the solvency or insolvency of the firm at that time.

On the 15th April, 1856, Block called on Furguson & Neill and demanded the note, saying he wanted to pay the balance due on it, he having paid a part of the note sometime previous. Furguson then stated that the note was not in the hands of Furguson & Neill, but would be in a few days, and desired that Block should pay a portion of the balance, and in a few days, or by the time Block came over again (meaning from Arkansas to Memphis) he would have the note for him. Block said he preferred having the note then, as he was prepared to pay it. Finally he paid $400, reserving the balance to be paid on delivery of the note to him; and witness executed and delivered to him, by request of Furguson, the following receipt:

"$400. Rec'd, Memphis, April 15th, 1860, from David Block four hundred dollars on account of note due Dec'r. 7th, 1854, for eight hundred fifty 28–100 dollars, which note we agree to

take up and deliver to him on payment of balance, one hundred and fifty five 28–100 dollars.

                              FURGUSON & NEILL."

It was admitted by the plaintiff that the note was assigned to him by Emerson, Cochrane & Co., and that the suit was for their sole use and benefit.

1. The evidence conduces to prove that the note was assigned by Furguson & Neill to Emerson, Cochrane & Co., before its maturity, in payment of goods purchased by the former of the latter before the assignment, and that they therefore received the note in due course of trade, for value, according to the rule as settled in *Bertrand vs. Barkman,* 13 *Ark.* 159. The evidence fails to establish the allegation of the pleas that they received the note as collateral security merely for a pre-existing debt.

2. When the first payment upon the note was made by Block, does not appear from the evidence. But the note was assigned to Emerson, Cochrane & Co., before it was due, and the legal presumption is, in the absence of proof to the contrary, that the payment was made after the maturity of the note, and hence after the assignment. It is expressly shown that the payment of $400 was made long after the assignment, and under circumstances that would have put a prudent man on his guard.

A payment by the maker of a negotiable note to the original payee after the note has been assigned, is not a good defence to an action by the assignee against the maker, under the statute (*Dig.* ch. 15 *sec.* 4,) nor by the law merchant. The maker must take care that the person to whom he pays a negotiable note is its holder, or in possession of it. *Story on Bills, sec.* 415.

The judgment must be affirmed.