STATE NATIONAL BANK OF ST. LOUIS *v.* HYATT.

Opinion delivered April 22, 1905.

PROMISSORY NOTE—SUFFICIENCY OF PAYMENT.—Payment to a bank of the amount due on a note made payable there, when the bank does not have possession of the note or authority to collect it, does not discharge the maker; for under such circumstances the bank will be treated as the agent of the maker, and not of the holder.

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

STATEMENT BY THE COURT.

On the date therein named J. J. Hyatt & Company, of Ozan, Ark., executed the following note to the Howard County Bank, of Nashville, Ark., towit:

"$1,435.85.                          Nashville, Ark., Nov. 5, 1902.
"Three months after date, for value received, we promise to pay to the order of Howard County Bank fourteen hundred thirty-five and 85-100 dollars, at Howard County Bank, with interest at maturity at the rate of ten per cent. per annum until paid.
·    [Signed]                          "J. J. HYATT & Co."

Afterwards on the 31st day of December, 1902, the Howard County Bank borrowed $20,000 from the State National Bank of St. Louis, Mo., and to secure said loan the Howard County Bank on the same day transferred to the State National Bank, along with other notes, the note of J. J. Hyatt & Company, above described. Hyatt & Company were not notified of this transfer by either bank, and, supposing that the note was still held by the Howard County Bank, they on the 6th day of February, two days before the expiration of the "days of grace" allowed

in the payments of notes, sent the following written request to the bank, towit:

"Please charge our account with our note for $1,400 and interest, and send note to us, and oblige."

At the time this order was sent to the bank by Hyatt & Company, they had funds on deposit there more than sufficient to pay the note. The bank charged the amount of the note to their account as directed, and indorsed on the order the words "Paid 2-6-1903."

The note was at that time in St. Louis, and was not returned to Hyatt & Company, as requested by them, but they supposed that it would be returned at the end of the month with the monthly statement of their account which the bank usually sent them, and therefore made no inquiry about it.

The bank failed on the 12th day of February, 1903, and did no business after that date. It was totally insolvent, and its assests were placed in the hands of a receiver, and Hyatt & Company have received nothing from the bank or receiver since it failed.

Afterwards the State National Bank of St. Louis brought this action against Hyatt & Company to recover the amount of the note held by that bank as collateral security for the debt due it by the Howard County Bank. The St. Louis Bank alleged that the note was taken and received by it from the Howard County Bank in the usual course of business, and for value before maturity and without notice of any defense, either in law or equity.

The defendant appeared, and set up as a defense to the action that the note was payable at the Howard County Bank, that defendants had no notice of the transfer thereof to the plaintiff, and that defendants on the 6th day of February paid the amount of the note to the Howard County Bank, which under the circumstances had authority to receive it; and that, on account of the negligence of the plaintiff in failing to present the note for payment, the amount paid by defendants to the bank in satisfaction of the note was lost by the failure of the bank; wherefore they allege that they are no longer responsible on said note.

The other facts sufficiently appear from the opinion.

On the trial the circuit court refused to give the following instruction for the plaintiff:

"The jury are instructed that the note sued on being made payable at the Howard County Bank does not constitute that bank the agent of a transferee or indorsee to receive payment of same. And the fact that the defendants may have made payment thereof at the Howard County Bank would be no defense to this action unless it is shown in evidence that the State National Bank of St. Louis authorized the Howard County Bank to receive payment."

The court gave the following at the request of the defendant:

"You are further instructed that if you find from the evidence that the defendants deposited the money in the Howard County Bank for the payment of the note sued on, and the plaintiff failed to present the same for payment, and that said note would have been paid at maturity if presented, and that the Howard County Bank subsequently failed, and that the money was lost by reason of plaintiff's failure to present the note, then you are instructed that the plaintiff must bear the loss, and your verdict should be for the defendants."

The plaintiff saved exceptions. It is unnecessary to set out the instructions in full, as the questions presented sufficiently appear by the two set out above.

There was a verdict and judgment in favor of the defendants, and plaintiff appealed.

*W. C. Rodgers,* for appellant.

The appellant was a *bona fide* holder for value. 41 Ark. 418; 42 Ark. 22. The fact that the maker of a promissory note has funds at the place of payment is not payment; it would amount only to a tender. 35 Fla. 525; 11 Wheat. 171; 5 Lea, 522; 1 Gill & J. 175; 2 Yerg. 81; 47 N. C. 23; 6 Mich. 240; 62 Ill. 61; Eaton & Gil. Com. Pap. 441; 8 Cowen, 271; 17 Mass. 388; 9 N. J. L. 189. Paying the note at the Howard County Bank was not a payment to the indorsee, unless the bank was the agent to receive payment. 3 Ark. 359; 15 N. H. 274; 17 Mass. 389; 13 Ga.

287; 20 Ind. 457; 85 Mo. App. 557; 105  Ia. 349; 37 Me. 442; 87 Tenn. 350; 21 Me. 98; 14 Wash. 129; 6 Mich.  240;  11 Cal. 367; 62 Ill. 61; 50 Ala. 326; 95 Ia. 529; Eaton & Gil. Com. Pap. 441.  The indorsee has the right to select his agents. 6 Minn. 95; 44 N. J. L. 638; 87 Tenn. 350; 92 Ia. 97; 120 Ind. 384; 134 U. S. 68; 48 N. Y. 520; 41 Ill. 261; 95 Pa. St. 62; 35 Fla. 523; 105 Ia. 349; 55 Ark. 457; Zane, Banks & B. § 326; Dan. Neg. Inst. § 326; Morse, Banks & B. 564*b*; Tied. Com. Pap. 539; 46 Minn. 95; 17 Mass. 380.  The holder of a note has the right to demand payment within five years from maturity thereof.  Sand. & H. Dig. § 4827; 65 Ark. 1; 150 Pa. St. 409.  The *lex fori* governs.  18 Ark. 384.  No demand of payment was required.  21 Tex. 463; 3 Wend. 13; 97 Ia. 627.  The plaintiff had a right to bring the action at any time within five years.  134 U. S. 68; 7 Wall. 447; 3 Ark. 89; 48 N. Y. 520. *Ignorantia legis neminem excusat.* 61 Ark. 575; 69 Ark. 306; 6 Johns. Ch. 166; 3 Conn. 347; 5 Mo. 82.  The Howard County Bank was not the agent of appellant.  65 Ark. 495; 113 Ind. 164; 113 Ala. 402; 35 S. W. 238; 40 S. W. 773; 6 Kan. App. 795; 19 Ind. App. 49.

*McRae & Tompkins,* for appellee.

Where a place for payment of note is agreed upon, and the money is produced, and the note is not presented, the holder is the loser.   14 Ark. 189; 4 Dan. Neg. Inst. § 643; 14 S. C. 44; Story, Prom. Notes, § 228; Story, Bills Exc. § 356; 5 La. Ann. 61; 10 Leigh, 525; 75 Ala. 248; 7 Cyc. 984.

RIDDICK, J.,  ·(after stating the facts.)   This is an action by the holder of a negotiable promissory note, to whom the note had been transferred for value in the usual course of business, against the maker to recover the amount of the note.  The first contention on the part of the defendants is that, as the note was made payable at the Howard County Bank, and as defendant, without notice of the transfer, delivered the money to the bank at the place of payment, and it was lost by reason of the failure of the plaintiff to present the note for payment, the loss should fall upon the plaintiff who failed to present the note.  There is an authority for this contention in an opinion by Mr. Justice SCOTT

in the case of *Pryor* v. *Wright,* 14 Ark. 189. But the question was not involved in the decision of that case, and must be regarded as only the expression of the judge who wrote the opinion. If the question was a new one, much might be said in support of the dictum of Judge Scott, for there are decisions that support it; but it seems now to be settled by the decided weight of authority in this country that the loss in such a case does not fall on the holder of the note unless the party to whom the money was paid had authority from the holder to receive the payment, or, what would be in effect the same thing, unless the circumstances under which the payment was made were such as to estop the holder from denying that the party receiving the money was its agent for that purpose. The fact that a note is made payable at a particular bank does not, of itself, make the bank the agent of the payee or holder to receive payment, and payment to a bank of the amount due on the note made payable there, when the bank does not have possession of the note or authority to collect it, does not discharge the maker; for under such circumstances the bank will be treated as the agent of the maker and not of the holder. *Jenkins* v. *Shinn,* 55 Ark. 347; *Adams* v. *Hackensack Improvement Co.,* 44 N. J. L. 638; *Glatt* v. *Fortman,* 120 Ind. 385; *Bank of Montreal* v. *Ingerson,* 105 Ia. 349; *Grissom* v. *German National Bank,* 87 Tenn. 350; *Cheney* v. *Libby,* 134 U. S. 68; 3 Am. & Eng. Enc. Law, (2d Ed.), 803; 7 Cyc. 1035; 2 Randolph on Commercial Paper, 1119; 1 Daniel on Negotiable Instruments, § 326.

It follows from what we have said that in our opinion the circuit court erred both in refusing to give the instructions asked by the plaintiff and in giving the one asked by the defendant, which are set out in the statement of facts.

The next contention is that the Howard County Bank had authority to receive the money for the plaintiff, and that the payment of the money to it was a satisfaction of the note; and further that if the Howard County Bank had no such authority in fact, under the circumstances in proof, the plaintiff is estopped to deny that the Howard County Bank had authority. But the proof is conclusive that the Howard County Bank had no authority to collect or receive payment of the note. Nor do we see

anything in the proof to estop the plaintiff from asserting that the Howard County Bank had no such authority.

The evidence shows that the Howard County Bank had been borrowing money from the St. Louis bank from time to time during several years, and that to secure such loans it deposited the notes of its customers who had borrowed money from it as collateral for the security of the loans from the St. Louis bank. The St. Louis bank never at any time permitted it to have any control over the notes deposited as collateral, or authorized it to collect the same, but kept the notes in St. Louis until they were paid or other notes deposited in their place. It was the custom of the Howard County Bank, when any of the notes which it had deposited as collateral were paid, to send the money to the St. Louis bank, which, upon the receipt of the money, would then return the note. But the bookkeeper and assistant cashier of the Howard County Bank, who was the only witness that testified on that point, said that they never notified the St. Louis bank how the money sent to the St. Louis bank to redeem the collateral was obtained, or whether in fact such collateral note had been paid, but would simply send them the face value of the note and ask them to return it. The defendants knew nothing of this method of dealing between the two banks, and when they paid the money to the Howard County Bank, or rather when they sent them an order to charge the note to their account and return the same to them, they supposed that the Howard County Bank was still the owner and holder of the note, so they could not have been misled by this method of dealing between the two banks. But if they had known of it, there was nothing in it to justify them in supposing that the Howard County Bank was the agent of the St. Louis bank, for the only thing the St. Louis bank did in reference thereto was to hold the notes until they were paid and then to return them to the other bank, and there was nothing in this to show any authority on the part of the Howard County Bank to act as agent for the St. Louis bank. The defendants have been badly treated; but the party to blame was the Howard County Bank, which received the money of these parties without informing them that it no longer held the note and without paying the note.

On the whole case, the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.