PEOPLE'S SAVINGS BANK v. MANES.

Opinion delivered November 4, 1918.

BILLS AND NOTES—TO WHOM PAYABLE.—The maker of a negotiable note who pays the same to the payees, not the holder, is not discharged from his obligation to the holder unless it is shown that the payees were authorized to receive payment or that the holder led him to believe that they were so authorized.

Appeal from Lee Circuit Court; *J. M. Jackson,* Judge; reversed.

*Daggett & Daggett,* for appellant.

Appellant was an innocent purchaser of the note for value before maturity. 41 Ark. 418; 42 *Id.* 22; 102 *Id.* 426; *Ib.* 451. Payment to the payee who is no longer the holder of the note does not discharge the maker. 102 Ark. 426; 55 *Id.* 347. See also 75 *Id.* 170; 98 *Id.* 370. The question should have been submitted to a jury.

HUMPHREYS, J. Appellant instituted suit against appellee on the 13th day of September, 1915, in the Lee Circuit Court, upon the following note:

"$600.00.                    Oak Forrest, Jan. 30, 1914.

"November 1st after date, I promise to pay to the order of Lewis & Bunch, six hundred dollars, with interest at ten per cent. per annum until paid, with value received. This note is secured by deed in trust of even date.

                              "T. J. Manes."

It was alleged that the payees, Lewis & Bunch, assigned the note to appellant before maturity for a valuable consideration; that there had been paid on the note

$275, leaving a balance due of $325, principal, and $88.17 interest, for which judgment was asked.

Appellee answered that the note was given to cover the purchase price of two mules and to cover supplies to be furnished during the crop year of 1914 by Lewis & Bunch; that the note was fully paid in labor, in cotton, and by a return of the mules; that appellant had knowledge of the conditions surrounding the execution of the note and the payment thereof to Lewis & Bunch, and that it was not an innocent purchaser of the note for value, as alleged.

The cause was submitted to a jury upon the pleadings and evidence adduced, at the conclusion of which the court directed a verdict in favor of appellee. Accordingly, it was adjudged that appellant take nothing by its suit. From that judgment an appeal has been prosecuted to this court. The undisputed evidence in this case disclosed that appellee executed a note on January 30, 1914, for $600, $275 of which was to cover the purchase price of a pair of mules, and the balance of which was to cover supplies to be furnished appellee by Lewis & Bunch; that Lewis & Bunch furnished appellee goods and supplies to the amount of $937.19; that the note was in form as alleged; that prior to its maturity it was assigned as collateral, along with other notes, by Lewis & Bunch to appellant; that Lewis & Bunch went into bankruptcy; that the two mules were returned to the trustee in bankruptcy and credited on the note; that appellee delivered one bale of cotton to Griffis-Newbern Company, of the value of $36.40, which amount was also credited on the note; that the full amount of the note was paid to Lewis & Bunch, after it was transferred to appellant, in cotton and labor. The evidence, however, is conflicting as to whether appellant authorized either member of the firm of Lewis & Bunch to collect the note at the time, or after, the same was assigned to it as collateral.

It has been settled by this court that the maker of a negotiable note who pays the same to the payee, who is not the holder, is not discharged from his obligation to

the holder, unless it is shown that the payee was authorized to receive payment, or that the holder led him to believe that the payee was so authorized. *Block* v. *Kirtland,* 21 Ark. 393; *Jenkins* v. *Shinn,* 55 Ark. 347; *State National Bank of St. Louis* v. *Hyatt,* 75 Ark. 170; *Miles v. Dodson,* 102 Ark. 422; *Koen* v. *Miller,* 105 Ark. 152; *Exchange National Bank* v. *Steele,* 109 Ark. 107; *Exchange National Bank* v. *Little,* 111 Ark. 263.

So, under the facts stated above and the law applicable thereto, as formerly announced by this court, the only question in the case was whether appellant, the undisputed owner of the note, authorized either member of the firm of Lewis & Bunch to collect it. This was purely a question of fact for the jury to determine from all the facts and circumstances in the case, and it was therefore error in the court to direct a verdict.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.