ARRINGTON *v.* KING.

Opinion delivered May 20, 1929.

D. L. *Ford*, for appellant.

G. C. *Carter*, for appellee.

KIRBY, J., (after stating the facts). The appellants insist that the court erred in not giving their requested peremptory instruction, and that the verdict of the jury is not supported by the evidence. In support of this assignment they insist that appellee acquired no title to the note which the payee bank, through its cashier, sold and delivered to her, because such sale and delivery was made without authority given the cashier by the board of directors to make such sale.

There is nothing in appellant's contention that the sale and indorsement of the note to appellee was void, being made by the cashier without written authority from the board of directors authorizing it. Under the law as amended the cashier could sell and indorse this note owned by the bank, in due course, without any authority first given by the board of directors of the bank and reflected in a written record made thereof. Section 700, C. & M. Digest, § 34 of act 113 of 1913, was amended by § 18, act 647 of 1923, leaving out entirely the words "indorse, sell," and the court, construing this amending act, expressed doubt of the intention of the Legislature to repeal the statute, and limited the requirement to pledges of the bank's paper as collateral security, saying:

"* * * But we are of the opinion that it may be inferred from the language in the first part of the section that pledges of collateral security for loans or rediscounts of the bank's paper are prohibited and made void without the prior action of the board authorizing it, and we so hold, regardless of the loose manner in which said section is drawn." *Grand National Bank of St. Louis* v. *Taylor,* 176 Ark. 1, 1 S. W. (2d) 818.

The undisputed testimony shows that the appellant's note had been sold and indorsed by the bank and delivered to appellee by its cashier, and was not in the possession of or owned by the bank when either of the amounts paid by the maker to the bank and later credited on the note was made. It was also undisputed that the checks sent

by Arrington, one of the makers of the note, in making the payments thereon, were made payable to the order of the People's Bank, to which they were sent. These amounts, as the bank records show, were credited to the account of Arrington on the dates of their payment, and he was doubtless given deposit tickets showing such credits; in any event he made claim against the bank after its failure for the money so paid, and received dividends upon the amount of the allowance. The fact that appellee also made a claim, after the bank's failure, for these amounts and was paid dividends thereon, could only have tended to show that the bank was acting as agent for her in the collection of the money, but the jury found in her favor on that point, upon substantial testimony amply supporting their verdict. She only recovered a judgment for the balance due on the note after crediting the amount of the dividends paid to her by the Bank Commissioner of the insolvent bank on the claim for the amount of the payments made by the maker of the note which were credited to him on the books of the bank.

There was no error in this instruction, since the failed bank was responsible to the maker for the amount paid in and credited to him on the books, which could be reduced by the amount of the dividends paid from the assets of the bank, upon the claim of appellee, to whom the maker claimant was bound to pay the same. The makers of the negotiable promissory note could not assume that it was still held by the bank to whom it was given, and discharge their obligation by partial payments to the bank, when it was no longer the holder thereof. *People's Savings Bank* v. *Manes,* 136 Ark. 215, 206 S. W. 315; *Miles* v. *Dodson,* 102 Ark. 422, 144 S. W. 908, 50 L. R. A. (N. S.) 83.

As already said, the jury found against appellants on the question of the authority of the bank to receive the payments on the note for appellee, the owner, upon substantial testimony, if not the preponderance of the evidence, and its finding cannot be disturbed.

We find no error in the record, and the judgment is affirmed.