## GAY v. COMMONWEALTH FINANCE CORPORATION. (No. 830.)

Court of Civil Appeals of Texas. Waco. Sept. 19, 1929.

Rehearing Denied Oct. 24, 1929.

W. L. Eason, of Waco, for appellant.

Spell, Naman & Penland, of Waco, for appellee.

STANFORD, J. This suit was by appellee against appellant on a note for $450 and foreclosure of a mortgage on a Ford automobile given to secure same; said note and mortgage executed by appellant. Appellant, in addition to a general demurrer, special exceptions, and a general denial, pleaded limitation, payment, and a cross-action for damages for sequestration of said car. Trial was had before the court without a jury, and resulted in a judgment for appellee against appellant for $634.76, and a foreclosure of the mortgage lien, also denying appellant any recovery on his cross-bill. Appellant has duly appealed, and presents the record here for review.

Under his first six propositions, appellant contends, in substance, that, for various reasons assigned, he had paid said note, and that the trial court erred in not so holding. The record shows that about May 8, 1925, appellant executed and delivered the $450 note made the basis of this suit, to the Guaranty Finance Company, hereafter referred to as Guaranty Company, payable in installments of $37.50 each month for twelve months, and that appellant, to secure the payment of said note, executed and delivered to said Guaranty Company a chattel mortgage on a Ford coupé. The Guaranty Company was a corporation, located at Waco, Tex., of which appellant was president and sole manager, and was engaged in dealing in automobile notes; and, in order to procure funds upon which to operate, said company, on May 14, 1925, entered into a contract with the Commonwealth Finance Corporation of Dallas, Tex., hereafter referred to as the Commonwealth Company, by the terms of which said last-named corporation agreed to purchase from the Guaranty Company automobile loans not exceeding $10,000 in any one month, at a discount of 7 per cent. upon the unpaid balance. Said agreement also contained the following provision:

"All paper discounted with the Commonwealth Finance Corporation is to be guaranteed by the endorsement of Guaranty Finance Company, and, as additional security, the Guaranty Finance Company undertakes to maintain on deposit with the First State Bank and Trust Company, of Waco, Texas, as Trustee, either cash or automobile loans of the kind mentioned above, or other market-

able securities equal in amount to 10% of the unpaid balance of all loans purchased by Commonwealth Finance Corporation. In other words, the deposit is to be equal, in amount, 10% of the total indebtedness held by Commonwealth Finance Corporation and purchased from Guaranty Finance Company.

"In connection with this deposit, a letter is to be furnished from the First State Bank and Trust Company, directly to Commonwealth Finance Corporation, acknowledging their holding these securities on deposit as Trustee under the terms of this agreement, and advising further that said bank, will, at any time, upon request, furnish to Commonwealth Finance Corporation a schedule of securities so deposited with it as Trustee."

Appellant's note for $450, payable to the order of the Guaranty Company, was by said company indorsed, and, together with another note, was placed with the First State Bank & Trust Company to be held by said bank as trustee, under the provisions of the above agreement, for the benefit of the said Commonwealth Company, to better secure automobile loans purchased by it from said Guaranty Company; and said bank did by its letter of June 6, 1925, notify the said Commonwealth Company that it held said note as trustee, for the benefit of said Commonwealth Company. The Guaranty Company failed to keep deposits of money, notes, or other securities with the First State Bank & Trust Company, as trustee, as it had agreed to do, and in the fall of 1926 closed its office as an insolvent and quit business, and, being heavily indebted to appellee, it became necessary for appellee, in order to protect itself as far as it could, to take over appellant's note to apply on its indebtedness, and the evidence is sufficient to show that the First State Bank & Trust Company, which held said note as trustee to protect appellee, did deliver same to appellee. While the Guaranty Company, for a time, had authority to collect and remit to appellee the proceeds of notes which said company had sold to appellee, and the payment of which notes the Guaranty Company, by its indorsement, had guaranteed, said company had no authority to collect the note executed by appellant to it, for it never sold this note to appellee, but indorsed and deposited same with said bank, as trustee, to better secure its indebtedness to appellee. Appellant had the right to pay said note to the bank, which held it as trustee for appellee, in which event the bank would have held the proceeds thereof as trustee for appellee in lieu of said note, but he had no right to pay said note to any one else. The record shows that the Guaranty Company, acting by appellant as its president, on June 6, 1925, indorsed appellant's note, and placed same with the bank, as trustee, under said collateral agreement to better secure the indebtedness of the Guaranty Company to appellee, and that appellant, between June 14, 1925, and July 13, 1925, paid, appellant claims, on said note $425, and, instead of making said payments to the bank, which appellant admitted he knew held said note as such trustee, as above stated, he made said payments to the Guaranty Company, which he knew did not hold said note, and of which concern appellant himself was the president and the sole manager, and the Guaranty Company, the record is sufficient to show, appropriated said payments, and soon thereafter became insolvent. Appellant having made the $425 payments to the Guaranty Company, knowing said company had no right to collect same, and knowing the bank held his said note as trustee for appellee, and that said bank alone, as such trustee, did have such right, appellant was not entitled to have said alleged payments applied to his note. Lane et al. v. First Nat. Bank of Canyon City (Tex. Civ. App.) 155 S. W. 307; State Nat. Bank v. Hyatt, 75 Ark. 170, 86 S. W. 1002, 112 Am. St. Rep. 50, 5 Ann. Cas. p. 296, and cases cited. It was at least a question of fact for the trial court as to whether or not appellant's plea of payment was sustained by the evidence. The court held it was not, as we think the evidence was ample to sustain such holding.

▪ Neither do we think that the First State Bank & Trust Company was a necessary or even a proper party to this suit. It had no interest in this litigation. Appellant's said note was indorsed before maturity by the payee, the Guaranty Company, and by said company placed with the bank as trustee under a collateral agreement for the benefit of appellee, and said note was by the bank, in accordance with the provisions of the collateral agreement, delivered to appellee. There is no contention on the part of any one that the bank did not faithfully perform its duties as prescribed by the collateral agreement.

▪ Nor was the Guaranty Company a necessary party to the suit. On the delivery by the bank, as trustee, of the note duly indorsed by the Guaranty Company, the payee, the title to the note vested in appellee, as a purchaser in due course for value. Appellee had the right to sue appellant, the maker, without joining the indorser, the Guaranty Company. Austin v. Citizens' Bank of Rogersville (Tex. Civ. App.) 10 S.W.(2d) 227; Tardio v. First Nat. Bank of Bryan (Tex. Civ. App.) 166 S. W. 1180.

We have considered all of appellant's assignments and overrule same.

The judgment is affirmed.